IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERASMO RUIZ-GAYTON, #53976-177, Plaintiff, | § § § § | |
| v. | § § | No. 3:23-cv-01978-E (BT) |
| UNITED STATES OF AMERICA, Defendant. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Erasmo Ruiz-Gayton, a federal prisoner, filed a document in his criminal case entitled "Injunctive Relief From Unlawful Government Actions In Violation Of Constitutional Rights." *See United States v. Erasmo Ruiz-Gayton*, Case Number 3:16-cr-130-N-3 (N.D. Tex.) (CR ECF No. 959). The District Court construed this filing as a motion under Federal Rule of Criminal Procedure 41(g) for the return of property and opened a new civil action under 28 U.S.C. § 1331. Order (ECF No. 4.) Thereafter, the Court sent Ruiz-Gayton a Notice of Deficiency and Order (ECF No. 6), which directed him (i) to file a complaint that complies with the requirements of Federal Rule of Civil Procedure 8(a) and on the court-approved form and (ii) to pay the filing fee or file a motion to proceed *in forma pauperis*. The Order informed Ruiz-Gayton that failure to respond and cure the deficiencies by October 13, 2023, could result in a recommendation that his case be dismissed. Ruiz-Gayton has not filed any response, and he has not paid the

1

filing fee, filed a motion for leave to proceed *in forma pauperis*, or otherwise complied with the Court's a Notice of Deficiency and Order. Therefore, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Ruiz-Gayton did not respond to the Notice of Deficiency and Order. He did not file a complaint in compliance with Rule 8(a) and on the court-approved form; nor did he pay the filing fee or file a motion to proceed *in forma pauperis*. This litigation cannot proceed until Ruiz-Gayton cures these deficiencies.

Ruiz-Gayton has failed to prosecute this lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Ruiz-Gayton's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed October 17, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*